

LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In re: | * | |
| Alex Christopher Isherwood, and | * | Case No. 18-10761-LSS |
| Patrice E. Lewis | * | Chapter 11 |
| Debtors. | * | |
| | * | |

## MEMORANDUM OPINION

Debtors object to the proofs of claims filed by Synchrony Bank and Bank of America, N.A. (the "Second Claims Objections").[1]  Debtors assert that Synchrony Bank and Bank of America, N.A. ("Bank of America") failed to adequately respond to Debtors' request for additional information made pursuant to Fed. R. Bankr. P. 3001(c)(3)(B).  Based thereon, Debtors seek disallowance of Synchrony Bank's and Bank of America's claims.  The Court finds and concludes that the Second Claims Objections should be overruled.

This Court has jurisdiction to hear this matter, pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a). The following constitutes the Court's Findings of Fact

---

[1] Objection to Claim No. 20 [Dkt. No. 119], Objection to Claim No. 21 [Dkt. No. 120], Objection to Claim No. 22 [Dkt. No. 121], Objection to Claim No. 24 [Dkt. No. 123], Objection to Claim No. 25 [Dkt. No. 124], Objection to Claim No. 26 [Dkt. No. 125], Objection to Claim No. 27 [Dkt. No. 126], Objection to Claim No. 28 [Dkt. No. 127], and Amended Objection to Claim No. 23 [Dkt. No. 129].

and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52, made applicable to this contested matter by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. To the extent appropriate, the following findings of fact shall be deemed conclusions of law and *vice versa*.

## Background

Debtors filed a voluntary Chapter 11 petition on January 18, 2018. Between the dates of May 23, 2018 and May 25, 2018, PRA Receivables Management, LLC filed five proofs of claims on behalf of Synchrony Bank based on credit card debt totaling $17,576.01 (the "Synchrony Claims"). *See* Claim Nos. 20-24. On May 29, 2018, Bank of America filed four proofs of claims based on credit card debt totaling $56,883.32 (the "Bank of America Claims"). *See* Claim Nos. 25-28.

On June 28, 2018, Debtors filed a series of claims objections (the "First Claims Objections"), including objections to the Synchrony Claims and the Bank of America Claims (collectively, the "Claims"). *See* Objections to Claims, Dkt. Nos. 46 and 48-55. Debtors' argued the Claims were not entitled to *prima facie validity* because Synchrony Bank and Bank of America (collectively, the "Banks") failed to include a copy of the writing underlying the Claims as required by Fed. R. Bankr. P. 3001(c). *See id.* On August 9, 2018, the Court entered orders overruling all First Claims Objections directed at the Claims. *See* Orders Overruling Objections to Claims, Dkt. Nos. 78-81 and 83-87. Citing Rule 3001(c)(3) for the Federal Rules of Bankruptcy Procedure, the Court concluded that the Banks were not obliged to attach a copy of the underlying writing to the Claim because the Claims are based on open-end or revolving consumer credit agreements. *See id.* Thus, the Court held that the Claims were entitled to *prima facie* validity. *See id.*

By letters dated September 19, 2018, Debtors' counsel requested that the Banks deliver to Debtors' counsel a copy of the writing on which each of the Claims is based (the "Document Requests").  Debtors' counsel further requested a multitude of other documents ranging from copies of all monthly statements to copies of all notices of transfer of the account.

On October 19, 2018, Debtors filed the Second Claims Objections, wherein Debtors assert that the Banks violated Fed. R. Bankr. P. 3001(c)(1), (c)(3)(A), and (c)(3)(B).  Based thereon, Debtors assert that the Claims are not entitled to *prima facie* validity.  Debtors further argue that the Banks failed to attach documentation to the Claims showing the Banks' entitlement to file a proof of claim and that "[i]t is believed that the account at issue is not owned by" those creditors.  Neither of the Banks filed a response to the Second Claims Objections.  However, Bank of America amended each of the its claims to add an account balance statement.

On January 8, 2019, the Court held a hearing on the Second Claim Objections.  Neither of the Banks appeared at the hearing.  Debtors' counsel represented that neither of the Banks responded to the Document Requests.  Counsel's representation made as an officer of the Court and regarding a matter about which he had first person knowledge was reliable.  *See generally Coffeyville Resources Refining & Mktg. v. Liberty Surplus Ins. Corp.*, 08-1204-WEB, 2009 WL 950811, at *3 (D. Kan. Apr. 7, 2009) ("Absent evidence to the contrary, the court accepts counsel's representation and signature as an officer of the court."); *Viet Huynh v. State Farm Fire and Cas. Co.*, 3:13-CV-325-TAV-CCS, 2014 WL 1092201, at *3 (E.D. Tenn. Mar. 14, 2014) (relying on uncontroverted representations of counsel).  As no contrary evidence was presented, the Court finds that neither of the Banks responded to the Document Requests.  Debtor presented no other evidence at the hearing.

### Discussion

**A.     Procedural Requirements for Completing a Proof of Claim.**

Rule 3001[2] sets forth procedural requirements regarding the form and content of proofs of claims. Debtors argue that the Banks violated Rule 3001(c)(1), (c)(3)(A), and (c)(3)(B).

*i.     Rule 3001(c)(1).*

Rule 3001(c)(1) provides that a creditor filing a claim based on a writing, other than an open-end or revolving consumer credit agreement, must attach a copy of the writing, or, [i]f the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction." By its clear terms, that provision does not apply to claims based on a written open-end or revolving consumer credit agreement.[3] *See* Fed. R. Bankr. P. 3001(c)(1) & (3). A credit card claim is the quintessential claim based on an open-end or revolving consumer credit agreement. *See e.g., In re Richardson*, 557 B.R. 686, 690 (Bankr. E.D. Ark. 2016) ("In short, a credit card claim is a species of an obligation arising under an open-end or revolving consumer credit agreement that is based on a writing but excepted from the requirement that the writing be submitted with the proof of claim."). As the Claims are based on credit card debt, Rule 3001(c)(1) does not apply.

---

[2] Unless stated otherwise, all references to a code section refer to that code section in Title 11 of the United States Code, commonly referred to as the Bankruptcy Code, and all references to a rule refer to that rule number in the Federal Rules of Bankruptcy Procedure.

[3] The Advisory Committee for the 2012 amendment to Rule 3001 reiterated this point explicitly in their committee note, saying "[t]o the extent that paragraph (3) applies to a claim, paragraph (1) of subdivision (c) is not applicable." 2012 Advisory Committee Note to Fed. R. Bankr. P. 3001.

4

      *ii.*      *Rule 3001(c)(3)(A).*

Rule 3001(c)(3)(A) provides that a creditor filing a claim based on a written open-end or revolving consumer credit agreement must attach a statement containing the following information:

> (i) the name of the entity from whom the creditor purchased the account;
> (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
> (iii) the date of an account holder's last transaction;
> (iv) the date of the last payment on the account; and
> (v) the date on which the account was charged to profit and loss.

Fed. R. Bankr. P. 3001(c)(3)(A). To each of the Synchrony Claims, Synchrony Bank attached document titled "Bankruptcy Rule 3001(c)(3)(A) Statement," which contains all the required information. Attached to each of the Bank of America Claims is a document titled "Statement of Accounts," which contains all the required information. Accordingly, the Claims satisfy the requirements of Rule 3001(c)(3)(A).

      *iii.*      *Rule 3001(c)(3)(B).*

Rule 3001(c)(3)(B) applies to claims based on written open-end or revolving consumer credit agreements. It provides that, within 30 days of a debtor's written request, the creditor must provide the debtor with "a copy of the writing specified in [Rule 3001(c)(1)]." As stated above, the writing specified in Rule 3001(c)(1) is the writing on which the claim is based, which, in the context of Rule 3001(c)(3)(B), would be the underlying open-end or revolving consumer credit agreement.[4] Here, Debtors sent the Document Requests, which triggered the Banks'

---

[4] The Court notes that Rule 3001(c)(1) also provides that if the underlying writing has been lost or destroyed, the claimant must provide a "statement of the circumstances of the loss or destruction." It is likely that, circumstances permitting, such a statement would satisfy the requirements of Rule 3001(c)(3)(B). However, the Court need not decide this issue here because neither Synchrony Bank nor Bank of America provided such a statement in response to the Document Requests.

obligations under Rule 3001(c)(3)(B). The Banks did not fulfill their obligations by delivering the required information. Accordingly, the Banks violated Rule 3001(c)(3)(B).

**B.**   *Prima Facie* **Validity.**

Debtors argue that the Claims are not entitled to *prima facie* validity. Whether a claim is entitled to *prima facie* validity is governed by Rule 3001(f), which provide that a "proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Here, Rule 3001(c)(3)(B) is the only provision of the Bankruptcy Rules that Debtors have shown that the Banks violated. However, Rule 3001(c)(3)(B) does not govern the execution or filing of a proof of claim. Instead, it governs the exchange of information between the creditor and the debtor. As such, a violation of Rule 3001(c)(3)(B) is not relevant to the question of whether a proof of claim is entitled to *prima facie* validity under Rule 3001(f). *See* 2012 Advisory Committee Note to Fed. R. Bankr. P. 3001 ("A proof of claim executed and filed in accordance with [subparagraph (c)(3)(A)], as well as the applicable provisions of subdivisions (a), (b), (c)(2), and (e), constitutes prima facie evidence of the validity and amount of the claim under subdivision (f).").

Upon reviewing the Claims, the Court finds and concludes that the Claims were executed and filed in accordance with the rules governing proofs of claims. Accordingly, the Court finds and concludes that the Claims are entitled to *prima facie* validity.

**C.**   **Allowability of Claims.**

Whether a claim is allowable is governed by Section 502(a), which provides that a "claim or interest, proof of which is filed under section 501 . . ., is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. §502(a). If an objection to a proof of claim is made, the court will allow such claim except to the extent it is disallowable under one of the nine enumerated

grounds of §502(b).  *See* §502(b)(1)-(9).  Even a claim that is not entitled to *prima facie* validity under Rule 3001(f), remains an allowed except to the extent it is disallowable under one of the grounds enumerated in § 502(b).  *In re Heath*, 331 B.R. 424, 435 (9th Cir. BAP 2005) ("Noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance [under Section 502]."); See *also In re Falwell*, 434 B.R. 779, 784 (Bankr. W.D. Va. 2009).

    Here, Debtors assert that "[i]t is believed that the account at issue is not owned by" the Banks.  If proven true, the Claims would be disallowable under § 502(b)(1) as unenforceable.  However, Debtors presented no evidence relevant to the true ownership of the Claims.  As the Claims are entitled to *prima facie* validity, Debtors failed to satisfy their burden of producing evidence to support their objection.  *See In re Gates*, 214 B.R. 467, 472 (Bankr. D. Md. 1997) ("[A] properly executed proof of claim is sufficient to shift the burden of producing evidence and to entitle the claimant to a share in the distribution of the bankrupt's estate unless an objector comes forward with evidence contradicting the claim." (quoting *Superior Metal Moulding Company, Inc. v. Shipp*, (*In re Friedman*), 436 F. Supp. 234, 237 (D. Md. 1977))).

    Finally, to the extent Debtors argue that the Claims should be disallowed based on the Banks' violation of Rule 3001(c)(3)(B), the Court disagrees.  Rule 3001(c)(2)(D) addresses the imposition of sanctions based on the failure to provide information.  It provides:

> If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
>
>> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>>
>> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

The imposition of sanctions under Rule 3001(c)(2)(D) is permissive and entirely within the Court's discretion.  *See In re Thomas*, 592 B.R. 99, 111 (Bankr. W.D. Va. 2018); *In re Goeller*, Case No. 12-17123-RGM, 2013 WL 3064594, at *2 (Bankr. E.D. Va. June 19, 2013).  Notably, [d]isallowing the proof of claim is not the mandated sanction or remedy."  *Goeller*, 2013 WL 3064594, at *2.  *See also* Collier on Bankruptcy, Sixteenth Edition, ¶ 3001.01[3] ("If a claimant fails to comply with a Rule 3001(c)(3)(B) request at all, or fails to comply in a timely manner, the remedy is sanctions, not disallowance of the claim.").

Here, the only relief Debtors request is disallowance of the Claims.  The Court finds and concludes that disallowance is not an appropriate remedy in this case.  The Court will not prognosticate on what remedies may have been appropriate, if such a request had been made.  The Court will note, however, that even if it had precluded the Banks from presenting the underlying writings at the hearing, the outcome would have been the same.  Debtors presented no evidence to support their objections and, as such, the *prima facie* validity afforded those claims under Rule 3001(f) was not rebutted.

## Conclusion

The Court will enter orders commensurate with this memorandum opinion.

cc: All parties.

**End of Order**